## Read *against* Markle.

THIS was an action of *trover*, for a quantity of wheat, in the sheaf, and a quantity of hay. The declaration was entitled of *February* term, 1807, and alleged the conversion to have been on the 1st *November*, 1802. The defendant pleaded not guilty, and the statute of limitations. There was a general replication to the second plea, and issue taken thereon.

The cause was tried at the *Herkimer* circuit, before the Chief Justice, the 30th *May*, 1808.

On the 24th *August*, 1799, the sheriff of *Herkimer* county, took the property in question by virtue of a writ of *fieri facias*, issued out of this court, in favour of one *Peter Smith*, against the present plaintiff and one *William Tater*, and having sold it, paid the money to the defendant, by whose order, and for whose benefit, the sale was made. It appeared also, from a certified copy of a rule entered in this court, which was admitted in evidence,

Goods were taken on an execution, which was afterwards set aside for *irregularity;* an action of *trover* was brought, and the defendant pleaded the statute of limitations. It was held, that the execution being irregular, was a nullity, and that the time when the statute began to operate, was from the first taking of the goods; and not from the time when the execution was set aside.

NEW-YORK,
Nov. 1808.

Read
v.
Markle.

that on the 14th *November*, 1802, the *fieri facias* above-mentioned, and all the proceedings thereon, so far as related to the money levied for the use of the defendant, were ordered to be set aside, for irregularity. Two objections were made, at the trial, on the part of the defendants.

1. That the statute of limitations must run from the time when the property was taken and sold under the execution, and not from the time it was vacated; and that the rule for vacating the *fieri facias*, ought not to have been admitted in evidence, under the general replication, but the fact should have been replied to specially. The judge overruled both these objections, and the jury, under his direction, found a verdict for the plaintiff.

A motion was made to set aside the verdict.

*Van Vechten*, for the defendant. The conversion of the property was in *August*, 1799, the time when the sheriff, by direction of the defendant, sold the goods. The conversion is the *gist* of the action. The statute of limitations ought, therefore, to be considered as beginning to operate at the time when the plaintiff's right of action accrued. Thus, in an analogous case, where a statute required that an action, against any person acting under the revenue laws, should be commenced within three months next after the matter or thing done, which was the cause of the action, it was held, that the limitation commenced from the time of the *original seizure* by the officer, though a suit was pending in the *Exchequer*, as to the right of seizure.* The execution having been set aside for irregularity, must be considered as void, and a nullity from the beginning.† It is the same as if no execution had ever existed. But admitting the execution to be merely erroneous, the plaintiff ought to be barred, for he should have applied at the next term to set it aside. Setting aside the *fieri facias* for irregularity, destroys the defence under it.

Again, the rule of court ought not to have been received in evidence under the general replication, but should have been specially pleaded. The statute operates in all

* 2 *H.Black.*14.
2 *East*, 254.

† 3 *Wils.* 345.

cases not within the exceptions ;* and where it is pleaded, the matter which is to take the case out of the operation of the statute, must be specially replied.†

*Gold*, contra. Courts have manifested a disposition to prevent the operation of the statute as far as possible, by laying hold of slight circumstances, that may save the right of the plaintiff. In trover, if goods are left in the hands of another, the statute of limitations, does not run from the time of delivery, but from that of the demand and refusal.‡ The cause or right of action must be complete and perfect before the statute begins to operate.§ Thus, where a person, in consideration that another would deliver him a deed, promises to redeliver it on request, the cause of action does not arise on the promise, or delivery of the deed, but upon the refusal to redeliver it, after the request. Until the execution was set aside, the plaintiff could have no right of action. If a party sues out an execution on a judgment, after a year and a day, without a previous *scire facias*, no action of trespass lies against him, for the process is held voidable only.¶ Process may be considered as void or voidable, according to the circumstances of the case, and for different purposes. It may be considered as voidable, so as to enable a party to defend himself against the irregularity, without its being a nullity, as it regards the statute of limitations.

The doctrine as to the replication, is not applicable to torts ; but if it should be so considered, the plaintiff ought to be allowed to amend.

SPENCER, J. delivered the opinion of the court. It is expressly stated in the case, that the execution was set aside for irregularity ; if so, this case is not distinguishable from that of *Parsons* v. *Lloyd.* (3 *Wils.* 345.) In that case, the court distinguished between erroneous, and irregular process ; the latter they held to be void and a nullity from the beginning ; that, under the first, a party might justify until it be reversed, but not under an irregular process, because it was his own fault that it was irregular and void at first. The execution issued in favour

NEW-YORK,
Nov. 1808.

Read
v.
Markle.

* 2 *Wils.* 420.
† 2 *Sellon,* 468.

‡ 1 *Esp.Cas.* 20.
§ 4 *Bac. Abr.*
474 *Limit.* D.

¶ 3 *Caines,* 270,
271.

of *Smith* and *Tater*, against the plaintiff, being admitted to be irregular, and unexplained, is to be considered as void. The plaintiff's action, therefore, accrued when the goods were first taken ; and the plaintiff, having delayed to bring a suit within six years from the time of the trespass, is undoubtedly barred by the statute. We forbear to consider the other point, because it is unnecessary to the decision of the cause. The defendant is entitled to a new trial, with costs to abide the event of the suit.

New trial granted.