## HENRY GROVE

*v.*

## CONRAD JEAGER *et al.*

1. MORTGAGE—*trustee—husband and wife.*   Where a husband and wife held land in equal parts, and it was agreed that the husband should purchase the wife's half at a stipulated price, a part of which he paid, and to secure the balance he and his wife conveyed to a trustee, who conveyed to the husband, and he gave to the trustee a note for the balance of the purchase money, and a mortgage on the premises to secure its payment, and the trustee afterwards transferred the note and mortgage to the attorney of the wife for collection, and he brought a bill to foreclose the mortgage: *Held,* that, as between the husband and wife, the note and mortgage amounted to no more than an unexecuted voluntary promise by the husband to give her that sum of money, and that equity will not enforce such a promise against the land of the husband previously held.

2. But in such a case, it would be a fraud on the wife to permit the husband to retain the title to the half of the land previously held by her, and that a foreclosure would be allowed as to that half.

3. SAME—*cancelling conveyance.*   Where a wife, by threats of abandoning her husband, and that she would not live with him, procured from him a conveyance, through a trustee, of a half of a tract of land, and he acquiesced therein for a considerable time: *Held,* that such acts do not constitute grounds for cancelling the deed from him to her.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Mr. HENRY GROVE, *pro se.*

Messrs. O'BRIEN & HARMON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This case, in substance, is as follows:   Conrad Jeager, and Margaretta, his wife, being the owners of certain premises, each an undivided half thereof, an agreement was made between them that the former should give to his wife $600; he paid to her $200, and in order to secure to her the payment

250          GROVE *v.* JEAGER *et al.*          [Sept. T.,

Opinion of the Court.

of the remaining $400, the following mode was devised : Jeager and his wife conveyed the whole premises to defendant Merkle ; he conveyed them back to the husband, Conrad Jeager. The latter executed to Merkle his note for $400, payable one year after date, with ten per cent interest, and, together with his wife, Margaretta, a mortgage on the same premises to secure the payment of the note, and the note and mortgage were delivered to Mrs. Jeager, Merkle acting merely as a trustee for her in the transaction. Subsequently, at the instance of Henry Grove, the appellant, the attorney of Mrs. Jeager, Merkle indorsed the note to Grove for the benefit of Mrs. Jeager.

Grove brought this bill in chancery against Conrad and Margaretta Jeager, and Merkle, defendants, to foreclose the mortgage for the benefit of Mrs. Jeager.

The court below dismissed the bill, and Grove brings the case here by appeal.

So far as this contemplated provision for the wife was executed, it was made effectual, and it was so to the extent of the $200 which were paid ; but, so far as it remains executory, it would be contrary to the practice of courts of equity to aid in enforcing it, the doctrine being that a court of equity will not enforce a voluntary contract. 1 Story Eq. Ju. sec. 433 ; 2 ib. sec. 793 a.

We must regard this proceeding as one to carry into execution a voluntary executory contract by enforcing the payment of money under a voluntary promise to pay it, and that the execution of the mortgage does not give to it the character of an executed promise, the mortgage being but an incident to the note, which is the principal ; if payment of the note can not be directly enforced, neither can it be indirectly by foreclosure of the mortgage for the purpose of its payment.

This is true as respects Conrad Jeager's own interest in the mortgaged premises which he conveyed to Merkle ; but we think it should be held otherwise as to the interest in the premises which Margaretta Jeager owned in her own right,

and which she conveyed to Merkle for the only purpose of having this mortgage made of it to secure the payment to her of this stipulated provision. It would seem to be highly inequitable that this scheme, designed purely for her benefit, should result in depriving her of her own property and lodging it in her husband. To allow the husband to make a successful resistance in full to the foreclosure of this mortgage, would be enabling him to get his wife's land into his own hands by a fraudulent device.

To avoid the force of such seeming injustice, Conrad Jeager sets up that all the land was once his; that he gave to his wife her undivided half of it, she having prevailed upon him, by unwarrantable means, to convey it to her.

His own sworn version of the affair is, substantially, that she wanted something for her children (she having three by a former husband); that she forced him to make the deed; that she said if he did not give her some claim on his property, she would not live with him; that he made a deed to one Fiense, and the latter made one to her; that the deed was for just one-half of the property; that she seemed to be satisfied at the time with this deed, but afterwards wanted the other half, too. In compliance with which want, and to avoid a threatened prosecution by her against him, before a justice of the peace, for an assault and battery, he settled with her by agreeing to give her this $600, and securing its part payment as above mentioned.

Some other circumstances of conduct on the part of his wife, are detailed by Jeager, as going, as he says, to prevail upon him to make this deed, which certainly fall much beneath the standard of propriety of conjugal deportment, and merit censure; but they all, in our view, do not amount to means of that extreme character which would call for the interference of a court of equity to set aside, or to justify it in holding for naught, a deliberately executed deed, the making of which was procured through the use of such objectionable means.

This conveyance to his wife, in the mode of conveying to Fiense, and the latter conveying back to her, was on the 17th day of September, 1868, with which Jeager appears to have rested entirely content; and, on the 5th day of April, 1869, he undertook to make the further provision in question for his wife. The voluntary conveyance of this land to the wife, as between the parties, made it as much hers as if she had paid. a full valuable consideration for it; and it is not to be permitted to Jeager, after this land of his wife has come back into his hands, in trust for a purpose of benefit to her, to hold on to it for himself under the claim that he, in the first instance, gave it to his wife, and that she never paid him anything for it.

We think the mortgage should be held and made effective, so far as it embraces that interest in the land which belonged to Mrs. Jeager, and which she conveyed to Merkle; and that, to the extent of that interest, she is entitled to have the mortgage foreclosed for her benefit, and the proceeds of that portion of the mortgaged premises applied towards the satisfaction of this note.

The decree of the court below must be reversed, and the cause remanded for further proceedings in conformity with this opinion.                                          *Decree reversed.*