### A. W. Riley v. Lucinda E. Wilson et al.

### No. 62.

**1. Gift from Wife to Husband—Homestead.**

A wife, joined by her husband, may convey her separate property, and the conveyance by the grantee in such deed to the husband would vest the title in the husband. Same rule would obtain as to homestead. In this way a wife may convey her separate property or the homestead to the husband.................................................... 243

**2. Delivery of Deed.**

It is necessary that the deed by the husband and wife should be delivered to their grantee.............................................. 243

Certified Questions from Court of Civil Appeals for Fifth District, in an appeal from Hunt County.

*Yoakum & Looney*, for appellant.

*J. G. Mathews*, for appellees.— 1. During coverture the wife can not, by deeds to her husband, convey to him her separate property.

2. Two or more instruments executed at the same time and between the same parties, having for their object but one effect, are virtually one and the same instrument.

3. A deed for land does not become operative until it is delivered,

and with the intention that it shall become effective as a conveyance. Graham v. Stuve, 76 Texas, 533; Groesbeck v. Groesbeck, 78 Texas, 664; Rev. Stats., art. 2848; Hubbard v. Cox, 76 Texas, 242; Dikes v. Miller, 24 Texas, 423; McLaughlin v. McManigle, 63 Texas, 553; 1 Dev. on Deeds, secs. 262, 264.

STAYTON, CHIEF JUSTICE. — The following issues are certified for decision:

"1. Can a married woman make a gift of her separate real estate to her husband, by joining with her husband in a conveyance of the land to a third party, complying fully with the law as to privy examination and acknowledgment, and then causing such third party to reconvey the land to the husband?

"2. If the first question be answered in the affirmative, would the fact that the property is the homestead affect the question; if so, how?

"3. In making such conveyance through a third person, is it necessary that the deed from the husband and wife should be delivered to the third party; or would his conveyance to the husband be a sufficient acceptance of the trust sought to be imposed?"

These questions arise in a suit by the heirs of the wife against the husband.

It has long been settled in this State, that a husband may convey his separate or community property to his wife directly. Fitts v. Fitts, 14 Texas, 444; Reynolds v. Lansford, 16 Texas, 292; Story v. Marshall, 24 Texas, 306; Smith v. Boquet, 27 Texas, 507.

Capacity of husband and wife to take and hold property in separate right being equal in this State, if the wife was not under disability to convey her lands except by a deed in which her husband joins, her power to convey to him without the intervention of a third person would be as clear as is his power to convey directly to her; but as she can convey only by a deed in which he joins, they can not make a deed directly to him, for no person can contract with himself.

So far as now remembered, the first question certified has not been directly decided in this State; but there is an unbroken line of decisions in other States, having statutes similar to those in force here, holding that the wife, joined by her husband, may convey to a third person, even though the purpose of this is that such person shall convey to the husband, and that through a conveyance from that person to the husband title to the property will vest in him. Scarborough v. Watkins, 9 B. Mon., 546; Todd's Heirs v. Wickliffe, 18 B. Mon., 866; Stevens v. Stevens, 16 Johns., 109; Tyler v. Dempsey, 3 Duer, 95; Shepperson v. Shepperson, 2 Gratt., 501; McCarter v. Society, 9 Cow., 463; Meriam v. Harson, 2 Barb. Ch., 265; Meriam v. Harson, 4 Edw. Ch., 81; Gibb v. Rose, 40 Md.,

392; Grove v. Jeager, 60 Ill., 249; Thatcher v. Ornans, 3 Pick., 521; Durant v. Ritchie, 4 Mason, 45; Garvin v. Ingram, 10 Rich., 130.

The elementary authorities are to the same effect.    1 Bish. on Law of Marr. Women, 604, 712, 713; Kelly on Con. of Marr. Women, 131; 1 Cord. on Rights of Marr. Women, 428; Harris on Con. of Marr. Women, 582, 583; Weeks on Sep. Prop. of Marr. Women, 582.

There are two requisites to the validity of a deed made by a married woman, in addition to those which must exist in conveyances by persons not laboring under disability to contract, and those are both intended for her protection.

She must acknowledge the instrument to be her act and deed, and state that she willingly signed it, and wishes not to retract, after it has been shown and explained to her, privily and apart from her husband, by the officer taking her acknowledgment.

This is required to secure to her knowledge of the true character and effect of the instrument, to secure her freedom of action, and to protect her from any influence coercive in its nature which might be exercised by her husband or any other person.

The husband is required to join in the conveyance, in order that he may protect the wife from undue influence of others, and give to her such counsel and advice in relation to the transaction as it is to be presumed a husband, having due regard for the interest of his wife as well as for his own interest, would always be ready to give.

When a conveyance is made with intent and as a step to invest the husband with title to her property, the wife may not have the benefit of the husband's unbiased opinion and advice, nor does the law require that she shall have in any case; but she does have all the protection which privy examination and acknowledgment before a proper officer can give, as fully as though the husband was not interested in having the conveyance made, unless the officer fails to discharge his duty and makes a false certificate.

The privy examination and acknowledgment required by the statute are essential to the conveyance; but advice and counsel of the husband are not made essential.

A deed conveying a married woman's separate property is as valid, if executed by husband and wife in manner prescribed by law, without any communication whatever between them as to the propriety, advantage, or disadvantage to result from it, as would it be if full conference with and the unselfish and disinterested advice from the husband had preceded its execution.

That the deed executed was intended for the benefit of the husband does not of itself render it invalid; for in the exercise of lawful power to convey, whether that be given by statute or instrument securing to a wife what is known as an equitable separate estate with power of disposition,

the relation of husband and wife does not prevent the latter from making a conveyance intended for the benefit of the former.

"A married woman having this general power of disposing of her separate property, the question naturally arises whether she may bestow it, by appointment or otherwise, upon her husband, or whether the legal disability attaches to such a transaction. Upon this subject the doctrine is now firmly established in equity, that she may bestow her separate property, by appointment or otherwise, upon her husband as well as upon a stranger. But at the same time courts of equity examine every such transaction between husband and wife with an anxious watchfulness and caution and dread of undue influence." Story on Eq. Jur., 1395; Bradish v. Gibbs, 3 Johns., 523.

That a wife joined by her husband, through a deed executed as the law requires for the conveyance of her separate property, may make a valid gift to a third person, can not be doubted; and when she thus executes a deed to a third person, intending that he shall convey to her husband, she has received all the protection the law deems essential to her freedom of action and power to convey.

A husband taking under such circumstances, however, would not be protected by the officer's certificate as would be a bona fide purchaser, and as against him the wife or her heirs may show that she was influenced to make the deed by such causes as would invalidate it.

The wife had power to make a gift of her separate estate to her husband in the manner suggested in first question certified; and the fact that the property was homestead is not believed to affect the question of power of the wife to make the conveyance.

It is as necessary that such a deed as that suggested in first question should have the assent of the grantee, and be delivered, as in ordinary cases; but as delivery is mainly a matter of intention, it becomes one of fact.

Whether the conveyance from the person to whom the husband and wife, in form, at least, made a deed would be sufficient evidence of his assent, is a question of fact to be determined by all the surroundings; and upon questions of fact the statute has not authorized this court to give an opinion.

Delivered December 11, 1893.