**BARNETT v. BARNETT et al.**

No. 9653.

Court of Civil Appeals of Texas. Austin.

Oct. 29, 1947.

Rehearing Denied Nov. 19, 1947.

(c) $300 would be a sufficient sum for one year's maintenance.

(d) $200 would be a reasonable allowance in lieu of exempt articles.

(e) $5,500 was the reasonable value of the community estate at the date of E. E. Barnett's death.

(f) Defendants converted $2,185.43 in cash belonging to plaintiff.

(g) E. E. Barnett was domiciled in Bastrop County at the time of his death.

(h) Plaintiff had abandoned E. E. Barnett, without fault on his part, prior to his death.

(i) Plaintiff, prior to the death of her husband, had formed the intention of not returning to and using any of the property in suit as her homestead.

Upon this verdict judgment was rendered for plaintiff for the sum of $2,185.43, to be paid out of the E. E. Barnett estate properties. From this portion of the judgment, defendants appeal.

Judgment was also rendered denying plaintiff any allowances or support. From this portion of the judgment she appeals, the merits of which will be first considered.

Special issue No. 8, answered "Yes" by the jury, read: "Do you find from a preponderance of the evidence that at the time of the death of E. E. Barnett, October 11, 1945, Hattie E. Barnett had left him, voluntarily and without fault upon his part, and had formed the intention not to return to live with him?"

Plaintiff objected to the submission of this issue on the ground that there was no evidence to support an affirmative answer. She further requested, in the event such issue was submitted, that the court charge the jury that abandonment, in this case, means that plaintiff must have left her husband without just cause or excuse and that if such separation was by agreement, or excused or justified by other circumstances, no abandonment would be shown.

The record does not disclose that this requested charge was called to the attention of the trial judge or that he made any ruling or endorsement thereon as required by Rule 276, Texas Rules of Civil Procedure. Furthermore, the form of the issue, as submit-

Shelton & Shelton, by Emmett Shelton, all of Austin, for appellant.

Louis Scott Wilkerson, of Austin, for appellees.

HUGHES, Justice.

Hattie E. Barnett is the widow of E. E. Barnett, who died October 11, 1945, in Saginaw, Michigan. She was plaintiff below. Defendants Edgar E. Barnett, Jr., Neal C. Barnett, Beatrice M. Coryell and Helen M. King are the children of E. E. Barnett, deceased, by a former marriage.

Since there are two appeals, the parties will be designated as in the trial court.

Plaintiff's suit is for the recovery of her interest in the community estate of her deceased husband and herself, alleged to have been converted by defendants, and for an allowance in lieu of a homestead, exempt articles, and for one year's support and maintenance.

Trial before a jury resulted in these findings:

(a) No suitable realty could be set aside for homestead purposes.

(b) $1,500 would be a reasonable allowance in lieu of a homestead.

ted, was approved in Graham v. Hollandsworth Drilling Co., Tex.Civ.App., 169 S. W.2d 1001 (Writ Ref. WOM). No error in refusing this special charge is shown.

■ That the jury's answer to special issue No. 8 was without evidence to support it, was raised by plaintiff in her motion for a new trial and requires a consideration of the evidence.

Plaintiff and deceased were married to each other in March 1932. Both had children by previous marriages. Deceased's health had been poor for five years before his death. About two years before he died it was learned that he had tuberculosis. During his last year or two he had no strength. He could do no work and was unable to attend to his own personal care. Plaintiff shaved him, prepared his bath, and carried his meals to him.

In July 1944, plaintiff lost a son in the invasion of France, after which plaintiff testified that she became a nervous wreck, lost weight and was unable to take care of her husband.

On February 28, 1945, plaintiff and her husband executed an instrument which read, in part:

"This Indenture of two parts made this 23rd day of February, A. D. 1945, by and between E. E. Barnett, party of the first part, and Hattie E. Barnett, his wife, party of the second part, and Paul D. Page, Trustee of each of said parties, party of the third part, Witnesseth:

"Whereas it has become necessary for the said Hattie E. Barnett to change her residence on account of her health and on advice of physicians now treating her, and the said E. E. Barnett is desirous of helping her to make said change in the interest of her health, and for said purpose, it is necessary for him to advance her the sum of $2,000.00 in cash out of his own separate estate, in consideration of the said Hattie E. Barnett executing to him a deed conveying in fee simple, all of her interest in all of the property, both real and personal, owned by the said E. E. Barnett and in order that this may be done, it has been further agreed that all of said property shall be, by the said E. E. Barnett and Hattie E. Barnett, conveyed to Paul D.

Page, Trustee for said parties, with the express agreement and understanding that the said Paul D. Page, Trustee, shall immediately convey to the said E. E. Barnett all of the property, both real and personal, deeded to him as Trustee, so that the said Hattie E. Barnett will not have the right to exercise any control over said property so conveyed, or claim any interest in the same, or in the revenues derived therefrom.

"And in order to carry out the provisions of this trust, the first and second parties hereby convey to Paul D. Page, Trustee, all of the property, both real and personal, now owned by the said E. E. Barnett and hereinafter listed."

The remainder of the instrument is in the form of a warranty deed which describes the property conveyed.

On March 5, 1945, Paul D. Page, trustee, conveyed the same property to E. E. Barnett, as his separate property.

Plaintiff was paid the recited consideration of $2,000, and moved, with her daughter, to Austin, Texas, about March 1, 1945. She never again lived with her husband.

On February 19, 1945, plaintiff wrote an Austin realtor that she was selling her interest where she lived and that "We are real anxious to get moved to the little cottage and improve it. Is the lot joining it for sale. If so what price. I may be interested in buying it."

Plaintiff testified that she was going to stay in Austin until her health got better. She went to Dr. Morgan in Austin for examination and treatment. Dr. Morgan testified that he had seen plaintiff five or six times. That there was nothing serious the matter with her and that he prescribed some vitamin pills for her; that he did not think he ever advised her that it was necessary for her health that she live in any particular locality. The total cost of the doctor's services was about $25.

Two neighbors of the Barnetts testified that plaintiff had told them she was moving to Austin—telling one of them that she had bought a home there.

When plaintiff moved to Austin about March 1, 1945, she took with her some of the household furniture, leaving only a dining room table, a wood stove, and a bed

and covers. No one was left to care for Mr. Barnett and this was done by the neighbors for about two weeks when his children came and carried him to Michigan.

At the time of trial plaintiff was 56 years of age. E. E. Barnett was about 72 years old when he died.

We believe the evidence amply supports the answer of the jury. It is not for us to say that plaintiff did right or wrong in leaving her husband when he was in a dying and helpless condition. That he was afflicted with an incurable and contagious disease may have satisfied her own conscience that what she did was morally justified. We are only concerned with the legal effect of her conduct. Not a word of testimony attributes any misconduct on the part of Mr. Barnett. His only vice seems to have been in possessing a mortal body subject to deterioration and disease. We cannot hold this to be sufficient legal justification for abandonment.

In view of Dr. Morgan's testimony the jury was not required to believe that plaintiff left her husband because of her own ill health. The recitation in the instrument copied from above, concerning the wife's ill health, was only evidentiary and not of a conclusive nature.

■ By abandoning her husband plaintiff forfeited her right to the allowances sued for. George v. Reynolds, Tex.Civ. App., 53 S.W.2d 490 (Writ Dis.), and authorities therein cited. Plaintiff cites Linares v. Linares, 93 Tex. 84, 53 S.W. 579, as holding a wife to be entitled to an allowance in lieu of a homestead even though she had abandoned it. In that case the husband and wife had permanently separated before he acquired the property claimed as a homestead. After holding that this property could not be the homestead of the wife, the court, nevertheless, directed that it be set aside to her as an allowance in lieu of a homestead, since it appeared that the separation was induced by the cruel treatment of the husband. The court recognized the rule that where a wife voluntarily abandons her husband without just cause she loses her right to the homestead and widow's allowance.

Plaintiff claims that abandonment is negatived by the fact that the separation was by agreement, citing Markley v. Barlow, Tex.Civ.App., 204 S.W. 1013 (Writ Ref.), and Good v. Good, Tex.Civ.App., 293 S.W. 621. In the Barlow case no abandonment was shown where it conclusively appeared that the wife was living apart from her husband with his consent and because of her bad health. In the Good case the evidence showed that the husband was not solely to blame for the separation between himself and his wife. In addition to this many other facts are recited in the opinion from which the court concluded there was no abandonment.

Every factual element necessary to constitute abandonment having been submitted to and found by the jury, and the evidence being sufficient to support such findings, the judgment of the trial court as to this phase of the case must be affirmed. Graham v. Hollandsworth Drilling Co., supra.

■ As to defendants' appeal it is only necessary to supplement the above statement of the evidence by adding that shortly after the death of E. E. Barnett in Saginaw, Michigan, defendant, E. E. Barnett, Jr., petitioned the Probate Court of Saginaw County for the probate of an instrument alleged to be the last will and testament of E. E. Barnett. The will was admitted to probate and letters testamentary were issued Edgar E. Barnett, Jr., and Neal C. Barnett. Final account of the executors was filed and approved by the court, under which order there was distributed to the four children of E. E. Barnett, defendants, $864.76 each. The only property found or administered in Michigan was $4,370.87 in cash. Plaintiff contends this was community property, one-half of which, $2,185.43, belonged to her and that the defendants had converted it. The jury and the trial court agreed with her and she recovered judgment in that amount.

Defendants seek reversal of this judgment on two grounds: (1) that plaintiff had conveyed all of her interest in the community estate to her husband, through Page as trustee, by the instrument above

set out, and (2) that defendants are protected by the judgment of the Probate Court of Michigan.

We agree with defendants as to their first contention and consideration of the second is unnecessary.

There is no doubt but that the cash found in the possession of deceased in Michigan came from the sale of property which was acquired during the marriage. All of this property was on hand February 28, 1945, the date of the conveyance to Paul D. Page, trustee. There is no evidence that any property of any kind was accumulated after this date.

The conveyance of February 28, 1945, was executed in the manner approved by the courts for a wife to transfer property to her husband, i. e., through a trustee. Riley v. Wilson, 86 Tex. 240, 24 S.W. 394.

It is true that the conveyance only describes the property as "all of her (plaintiff's) interest in all of the property, both real and personal, owned by the said E. E. Barnett," and again as "all of the personal property of every kind or character now owned by the said E. E. Barnett or his estate." Plaintiff construes this language as not conveying her community interest in the property. A community interest in the personalty was all she owned and if this did not pass, she conveyed nothing.

■■ Plaintiff was the only real grantor in such deed. Her husband was to and did receive a reconveyance from Page, the trustee. Under established principles, a deed of doubtful construction is to be construed most strongly against the grantor, 14 Tex.Jur., p. 916, and in such manner as to confer upon the grantee the largest estate which a fair interpretation of its terms will permit. Stanbery v. Wallace, Tex. Com.App., 45 S.W.2d 198. Also a sound rule of construction requires an interpretation under which the deed will be valid and operative in preference to one which will nullify it. 14 Tex.Jur., p. 915.

In construing this doubtful instrument we have also considered all the facts and circumstances shown by the record which bear upon the intention of the parties in executing the deed in question. Particularly have we considered the letter written by plaintiff February 19, 1945, in which she stated, "I am selling my interest where I live." As stated, her only interest was a community interest in the personal property.

Plaintiff cites Kellett v. Trice, 95 Tex. 160, 66 S.W. 51 and Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733, 736, as holding that her deed was void.

In the Taylor case the holding of the court in Kellett v. Trice was summarized as follows: "It has been decided that where the property sought to be conveyed is indisputably the separate property of the wife, same can not be converted into community property by an agreement signed by the wife and husband having that object in view, unless her act amounts to a conveyance such as is recognized by law. Kellett v. Trice, 95 Tex. 160, 66 S.W. 51. It is true that the husband and wife, by their deed properly acknowledged, can convey property to a third person, and such third person can convey such property to the husband, either with or without consideration, although the sole purpose of the conveyance is to cause the property to become the property of the husband. Riley v. Wilson, supra; Kellett v. Trice, supra."

In the Taylor case community real estate was conveyed to the wife as her separate estate and the wife assumed the payment of a large outstanding vendor's lien. The court held that such assumption was not enforcible against the wife and that subsequent deeds conveying the property back to the husband and wife reconstituted the property as their community estate.

These decisions are not controlling here.

We hold that the deed of February 28, 1945, not having been set aside or cancelled, was, under the rules of law above noted as applied to the facts of this case, an effective conveyance of plaintiff's community interest in the personal property belonging to her and her husband, now deceased, as such property existed at the time of such conveyance.

The judgment of the trial court upon this phase of the case is therefore reversed and judgment is here rendered for defendants.

The judgment is affirmed in part and in part reversed and rendered.