ARTIE TAYLOR, AS NEXT FRIEND, ETC. V. L. R. HOLLINGSWORTH.

No. 8119. Decided November 10, 1943.
Rehearing overruled January 26, 1944.
(176 S. W., 2d Series, 733.)

159

*Edw. C. Thomas* and *C. C. Carsner,* both of Victoria, for petitioner.

The Court of Civil Appeals erred in failing to hold, as a matter of law, that the deed of T. R. Lambert to his wife, in 1931, coveying the land in controversy to her as her separate property, and that it was her separate property. Jones v. Humphreys, 39 Texas Civ. App. 644, 88 S. W. 403; Lewis v. Simon,

72 Texas 470; Kahn v. Kahn, 94 Texas 114, 58 S. W. 825; 64 C. J. 1275, sec. 1152.

*Wm. G. B. Morrison,* of Houston, and *S. G. Sample,* of Edna, for respondent.

Dorothy Lambert, being a married woman at the time the conveyance was made, acquired no interest in or title to the land involved in this suit as a gift, devise or descent, and the deed from her husband to herself did not have the effect of conveying the property to her as her self property or estate. Brown v. Brown, 61 Texas 56; Rutherford v. Carr,. 99 Texas 101, 87 S. W. 815; Arnold v. Leonard, 114 Texas 535, 273 S. W. 799; American Employers Ins. Co. v. Davis, 153 S. W. (2d) 501.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a suit in trespass to try title, brought by T. R. Lambert and Dorothy Lambert, both by next friends, against L. R. Hollingsworth, to recover title to and possession of 4336.5 acres of land comprising the Eli Mercer League in Jackson County, Texas. The petitioner, plaintiff below, seeks to set aside a trustee's sale of said land, under which the respondent claims title, on the ground that at the time of the sale the land was the separate property of Dorothy Lambert, non compos mentis, and administration of her estate was pending in the Probate Court of Jackson County. The plaintiff pleaded that the note secured by said deed of trust was barred by the four year statute of limitations, and in the alternative offered to do equity and pay any indebtedness owing on the land.

Respondent answered by general and special denials and a plea of not guilty. By cross-action he pleaded his title to the land and limitations.

In the trial before the court without a jury, judgment was rendered for the respondent. Upon appeal, the judgment of the trial court was affirmed by the Court of Civil Appeals. 169 S. W. (2d) 519. Artie Taylor, as next friend and guardian of the person of Dorothy Lambert, non compos mentis, applied for a writ of error, which was granted by this Court.

Jourdan Campbell, the common source of title, conveyed the land to the Jourdan Campbell Land Syndicate, Inc., a corporation for which a receiver was later appointed. By deed dated November 3, 1930, the receiver conveyed the property to T. R. Lambert. As part of the consideration, T. R. Lambert

executed and delivered to the receiver a vendor's lien note for $25,980.00. Some property in Corpus Christi, standing in the names of T. R. Lambert and Dorothy Lambert, was traded in as part of the consideration. A deed of trust was executed by Lambert as additional security for the payment of the note. With the approval of the court in which the receivership was pending, the receiver on the same date transferred the note, with all the liens, rights, privileges and appurtenances pertaining thereto, to the Commercial Loan & Trust Company. By other transfers, not otherwise material, the note was assigned to J. A. Hollingsworth. Lambert defaulted in the payment of the note, and the land was sold at trustee's sale to J. A. Hollingsworth, by deed dated January 6, 1933. Thereafter, by deed dated April 14, 1933, J. A. Hollingsworth conveyed said land to the Navidad Cattle Corporation; which, by deed dated July 30, 1936, conveyed same to L. R. Hollingsworth, respondent herein.

By deed dated March 5, 1931, T. R. Lambert conveyed the land in controversy to his wife, Dorothy Lambert, as her separate estate, the deed reciting a consideration of $10.00 and other valuable considerations and the assumption by Dorothy Lambert of the payment of the vendor's lien note. Thereafter, by deed dated June 10, 1931, Dorothy Lambert, joined by T. R. Lambert, conveyed said land to Artie Taylor; and by deed of the same date Artie Taylor and husband, Edgar Taylor, conveyed said land to T. R. Lambert and Dorothy Lambert as their community estate.

On April 6, 1932, in the County Court of Jackson County, Dorothy Lambert was adjudged to be a person of unsound mind. On July 19, 1932, her husband, T. R. Lambert, was appointed guardian of her person and estate. He was the duly appointed, qualified, and acting guardian of Dorothy Lambert's person and estate at the time of the trustee's sale in 1933. Dorothy Lambert was released from custody on September 14, 1934, by order of the District Court of Bexar County, on habeas corpus proceedings brought by T. R. Lambert.

By deed dated September 13, 1932, T. R. Lambert, individually and as guardian of the estate of Dorothy Lambert, conveyed the land in controversy to Mark V. Lambert, who has since disclaimed any interest in the property. The trial court found that this latter instrument was sufficient to convey any interest that T. R. Lambert might have had in the land.

The trial court found that J. A. Hollingsworth took possession of said land, which was then in a run-down and neglected

condition, in the latter part of 1932, and that respondent and his predecessors in title had been in open, adverse, continuous, and undisputed possession by actual and visible appropriation of the property, commenced and continued under a claim of right inconsistent with a hostile claim of the petitioners in the suit,—cultivating, using, and enjoying the same in the manner for which it was suitable, and to the full extent of its boundaries under fence, holding under deeds duly registered since December, 1932, and that they had paid all taxes levied and assessed against said land in each and every year consecutively for the years 1932 to 1941, both inclusive, before they became delinquent, and without break.

The trial court further found that respondent and his predecessors in title, during the time they were in possession of the property, had made permanent and valuable improvements thereon, to the value of $30,476; which improvements were made in good faith, and which enhanced the value of the property.

The trial court found that J. A. Hollingsworth met T. R. Lambert in January, 1933, and bought from him some stock, fences, and other personal property that he had upon the ranch, and that at that time Lambert "apparently voluntarily surrendered the premises to J. A. Hollingsworth and accepted payment for this personal property."

The decisive question presented is whether the land was the separate property of Dorothy Lambert, or was the community property of T. R. Lambert and wife, Dorothy Lambert, on the date of the trustee's sale. If the land was community property, the judgments of the trial court and court of civil appeals are correct.

Article 4619, Vernon's Annotated Civil Statutes, in defining what constitutes community property, uses the following language:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; * * *."

Article 16, Section 15, of the Constitution of Texas defines what constitutes the separate property of the wife as follows:

"All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property; * * *."

See also Arnold v. Leonard, 114 Texas 535, 273 S. W. 799; Burruss v. Murphey (Civ. App.), 5 S. W. (2d) 612.

In Kellett v. Trice, 95 Texas 160, 66 S. W. 51, this Court, speaking through Judge Williams, used the following language:

"Property of husband and wife in this state gets its character as belonging separately to one of them or in common to both from the statutes defining their separate and community estates. Property which either of them owns before marriage and that which he or she acquires afterwards by gift, devise, or descent is his or her separate property. Property acquired by either after marriage otherwise than by gift, devise, or descent is their common property. By construction, property which is acquired after marriage in exchange for separate property, or which is purchased with separate funds, is held to belong to that estate which furnished the consideration. Separate property of either spouse may be conveyed to the other in such way as to become his or her separate property, and community property may be so conveyed by the husband to the wife as to make it hers separately. This is true, not because the parties chose to name the property separate, but because the facts transpire to bring it within the statutory definition; and the law, operating upon such facts, vests title in accordance with them. The act of the parties is such as the law defines as necessary to create the separate right. Therefore the question whether particular property is separate or community must depend upon the existence or nonexistence of the facts, which, by the rules of law, give character to it, and not merely upon the stipulations of the parties that it shall belong to one class or the other. Thus, when one spouse passes to the other by gift his or her title to separate property, it could not become the community property of both, because the law declares that property so acquired shall be the separate property of the donee; and a gift by the husband to the wife of his interest in community property would become the separate property of the donee for the same reason. And so property acquired in the name of either spouse during marriage, otherwise than by gift, devise, or descent, or in exchange for separate property, would, by force of the statute, be community property."

The $25,980.00 vendor's lien note executed by T. R. Lambert, together with all the liens incident thereto, was regularly transferred, and finally became the property of J. A. Hollingsworth. Upon default in the payment of the note, the trustee made the sale in accordance with the provisions of the deed of trust, and the land was sold and conveyed to J. A. Hollings-

worth. Through mesne conveyances L. R. Hollingsworth, respondent, now holds the legal title to said land.

It is contended that the land in controversy was the separate property of Dorothy Lambert at the time of the trustee's sale, because in the deed from her husband it was recited that such land was conveyed to his wife "as her own separate property and estate."

By deed dated March 5, 1931, T. R. Lambert conveyed the land to his wife, Dorothy Lambert, "as her own separate property and estate," the deed reciting $10.00 and other good and valuable considerations, and the assumption by Dorothy Lambert of the payment of the vendor's lien note for $25,980.00. It will be noted that the vendor's lien note was a community debt to T. R. Lambert and Dorothy Lambert, and it is not shown in such deed that she was to pay same out of her separate funds. Thereafter, on June 10, 1931, T. R. Lambert and wife conveyed the same land to Artie Taylor, in consideration of the sum of $10.00 and other good and valuable considerations; and by deed of the same date Edgar Taylor and wife, Artie Taylor, conveyed the same land to T. R. Lambert and Dorothy Lambert. The consideration expressed in said last-mentioned deed was $10.00 and other good and valuable considerations, and the assumption of payment by the grantees of one certain promissory note in the sum of $25,980.00, being the original vendor's lien note executed by T. R. Lambert when he first acquired this land.

■ The husband can execute a deed to his wife, and the effect of such deed, if based upon the necessary essentials to constitute a valid conveyance, constitutes the property so conveyed her separate property. 23 Tex. Jur., p. 157, sec. 128. But the grantee holds title to such land subject to the valid prior liens against same. Brown v. Brown, 61 Texas 56; Riley v. Wilson, 86 Texas 240, 24 S. W. 394.

■ It has been decided that where the property sought to be conveyed is indisputably the separate property of the wife, same can not be converted into community property by an agreement signed by the wife and husband having that object in view; unless her act amounts to a conveyance such as is recognized by law. Kellett v. Trice, 95 Texas 160, 66 S. W. 51. It is true that the husband and wife, by their deed properly acknowledged, can convey property to a third person, and such third person can convey such property to the husband, either with or without consideration, although the sole purpose of the conveyance is to cause the property to become the property of the husband. Riley v. Wilson, supra; Kellett v. Trice, supra.

The case of Kellett v. Trice is the principal case relied on as prohibiting a husband and wife from converting the separate property of the wife into community property of the spouses. The facts in that case clearly shows that Kellet and his wife undertook to convert property that was unquestionably the separate property of his wife into community property of both husband and wife. The instruments described in that opinoin clearly show their object in this respect. The husband received all of the benefits from such conveyance, and the wife received nothing in return. We further quote from that opinion as follows:

"The deeds are without valuable consideration. The recitals of money paid are evidently merely formal and nominal (Lewis v. Simon, 72 Texas, 470) ; and, besides, according to the recitals, equal sums paid to each party, so that the wife received no more than she paid. The other recitals merely give the reasons and purposes actuating the parties and show no benefit to the wife, or detriment, disadvantage, or inconvenience to the husband whatever. The transaction, if the instrument should have effect, would operate wholly to the benefit of the husband without pecuniary consideration received by the wife."

This Court was very particular to confine the decision in that case to the particular facts involved. This Court did not announce the general rule that the separate property of the wife could not in any event by conveyance be converted into community property.

Much testimony was introduced in this case during the trial thereof. We have briefly set out the material facts heretofore in this opinion. There are many acts and incidents connected with this transaction which might be mentioned, but to do so would prolong this opinion unduly.

The trial court found that neither T. R. Lambert nor Dorothy Lambert ever paid the vendor's lien note in the sum of $25,980.00. The trial court also found that T. R. Lambert in 1933, having sold some personal property located on this land, voluntarily surrendered the premises to J. A. Hollingsworth, and that while he was in possession of the land, and using same, the trustee's sale was made under the deed of trust, and the land was conveyed to J. A. Hollingsworth. The trial court further found that such land was used and occupied by respondent and his predecessors openly, adversely, and continuously from 1932 until May 28, 1941, when this suit was filed. The trial court also found that L. R. Hollingsworth had good title to the property, superior to any title claimed by Dorothy Lambert or

any of the other petitioners in said suit; that said petitioners were not entitled to recover title to the land involved; and that at all times after the execution of the vendor's lien note by T. R. Lambert, and at the time of the foreclosure of said note and lien in January, 1933, the property was the community property of T. R. Lambert and wife, Dorothy Lambert.

As already shown, there was a vendor's lien note against this land amounting to $25,980.00, and this note constituted a debt against the community estate of T. R. Lambert and wife, Dorothy Lambert. In the deed from Lambert to his wife it was recited that she paid $10.00 and other good and valuable considerations, and that she assumed the payment of the above-mentioned note. There is no mention made in the deed as to how she was to pay this note,—whether out of separate or community funds. The deed certainly attempted to saddle upon the wife a personal executory contract or obligation of some kind to pay $25,980.00 in money. This part of the deed was, and is, unenforceable against Dorothy Lambert, either by T. R. Lambert or by the holder of such note. 23 Tex. Jur., p. 213, sec. 177, and authorities there cited; Speer's Law of Marital Rights in Texas (3rd ed.), p. 249, sec. 185, and authorities there cited.

■ It is true that our present statutes authorize a married woman to incur personal obligations or debts for the benefit of her separate estate, but this power does not authorize her to purchase property and bind herself to a personal executory obligation to pay therefor. 23 Tex. Jur., p. 203, and authorities there cited. This land was undoubtedly the community property of T. R. Lambert and wife, Dorothy Lambert, before the making of the deed by T. R. Lambert to his wife, and since the contract of assumption by the wife of the note mentioned in this deed could not be enforced as a personal obligation of the wife, the contracting parties had the right to abrogate it and restore the status quo of the whole situation as it existed before the deed was made. This they did by the two subsequent deeds already described.

The trial court, under the facts of this case, was justified in holding that the land was the community property of Lambert and his wife at the time of the trustee's sale.

■ The fact that Mrs. Lambert was of unsound mind, and that her husband, T. R. Lambert, was appointed guardian of her person and estate, and was acting as such guardian at the time of the trustee's sale, would not affect the validity of the sale made by the trustee. This Court has held that the husband can convey community lands when his wife is insane, without quali-

fying as community survivor, in order to pay community debts. Pierce v. Gibson, 108 Texas 62, 184 S. W. 502, 1 A. L. R. 1675. This Court has also held that the husband, when his wife is insane, can convey the community homestead. Reynolds Mortgage Co. v. Gambill, 115 Texas 273, 280 S. W. 531; see also Ross v. Tide Water Oil Co., 136 Texas 66, 145 S. W. (2d) 1089; Magnolia Petroleum Co. v. Still (Civ. App.), 163 S. W. 268. The court having found that this property was community property, and the vendor's lien note being a community debt, the wife was not a necessary party to the foreclosure proceedings. The land was under the control of the husband, and he had the power to dispose of it, and a sale made of such property under the powers and authority contained in said deed of trust conveyed whatever title T. R. Lambert and his wife had in such land. Article 4619, Vernon's Annotated Civil Statutes; 23 Tex. Jur., pp. 152, 153, secs. 121, 122.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion delivered November 10, 1943.

Rehearing overruled January 26, 1944.