## VERMILLION v. HAYNES et al.
### No. 6345.

Court of Civil Appeals of Texas. Texarkana.
April 15, 1948.

Rehearing Denied May 20, 1948.

Spafford & Spafford and Cedric G. Hamlin, all of Dallas, for appellant.

Geo. K. Holland and Robert W. Finklea, both of Dallas, for appellees.

782

HALL, Chief Justice.

This is a suit for partition and account brought by R. B. Haynes and the unknown heirs of Hattie Haynes Vermillion, deceased, appellees, against Hester A. Vermillion, appellant, for partition, an accounting on rents, and sale of the property in effecting partition. Appellees based their claim of title on a deed dated February 6, 1929, from H. M. Vermillion to Hattie Haynes Vermillion, asserting that the real estate involved herein was the separate property and estate of Hattie Haynes Vermillion at the time of her death.

Appellant, by answer, pleaded that the property in question was the community property of H. M. Vermillion and wife Hattie Haynes Vermillion and upon her death, intestate and childless, passed to H. M. Vermillion and under his will to your appellant, Hester A. Vermillion, his second wife; that the deed in question was executed as a matter of convenience without any real intention of passing the title to Hattie Haynes Vermillion's separate estate and that she held record title to the property for the benefit of the community estate. In the alternative, appellant pleaded that should the court find any interest in appellees, that she recover on an accounting as to certain sums of interest and principal paid on the purchase money debt, for taxes paid, for enhanced value of improvements made with community funds, and for certain other expenses paid in connection with the property. Appellant also pleaded the three, five and ten years' statutes of limitation against appellees' claim.

The court, on trial without jury, rendered judgment decreeing title of one-half in appellees and the other one-half in this appellant, allowing appellees one-half of the rental value of the property from the date of the death of Hattie Haynes Vermillion, refusing any allowance for principal and interest paid on purchase money, awarding appellant one-half of the taxes paid, one-half of other operating expenses in connection with the property and one-half of the enhanced value by reason of improvements, decreeing a partition and appointing a receiver to sell the property.

The property here involved was purchased by H. M. Vermillion from O. Capps on May 6, 1920, for a consideration of $4,500.00. The deed recited a cash consideration of $1,500.00 and $3,000.00 secured by vendor's lien and deed of trust. On this date H. M. Vermillion and Hattie Haynes Vermillion were husband and wife and the lot covered by said deed was community property. On December 15, 1924, H. M. Vermillion and his then wife, Hattie Haynes Vermillion, renewed the deed of trust lien for $2,000.00 for a term of five years. On the 6th day of February, 1929, H. M. Vermillion conveyed the above property by general warranty deed to his then wife, Hattie Haynes Vermillion, as her separate estate. The consideration recited is $10.00 and love and affection. On the 14th day of December, 1929, Hattie Haynes Vermillion and her husband, H. M. Vermillion, executed their renewal of said note of $2,000.00 for five years. On December 14, 1935, Hattie Haynes Vermillion and her husband, H. M. Vermillion, again executed a renewal of said deed of trust lien and note for five years. On January 12, 1937, Hattie Haynes Vermillion died intestate, without issue. On June 3, 1939, H. M. Vermillion and Hester A. Vermillion (appellant) were married. On December 14, 1940, H. M. Vermillion and Hester A. Vermillion executed the renewal of the deed of trust lien in the amount of $2,000.00 for five years, and on December 14, 1943, H. M. Vermillion paid $1,000.00 of the principal and $60.00 interest on the deed of trust lien note. On May 7, 1944, H. M. Vermillion died testate leaving all of his property to Hester A. Vermillion (appellant). On December 15, 1944, Hester A. Vermillion paid the final $1,000.00 principal and $60.00 interest on the deed of trust indebtedness. On the 9th of February, 1945. This suit was filed.

By points one and two appellant asserts that the trial court erred in charging Hester A. Vermillion for rent incurred by H. M. Vermillion during his lifetime for the reason that he was a tenant in common with appellees herein. Under the facts here related the deed dated February 6, 1929, from H. M. Vermillion to Hattie

Haynes Vermillion, his then wife, effectively transferred the property to her as her separate estate and such title remained in her until her death in January, 1937, intestate and childless. Under our laws of descent and distribution one-half of the property descended to and vested in her husband, H. M. Vermillion, and the remaining one-half to her heirs at law (appellees here), and by virtue of such fact all the parties to this action became the joint owners or tenants in common of the property. After the death of Hattie Haynes Vermillion, H. M. Vermillion occupied and used this property in person and through tenants until his death in May, 1944, and since his death appellee Hester A. Vermillion has used the property by renting it to other persons. After the date of the deed to Hattie Haynes Vermillion, and before her death, there was constructed on said property a small brick building which was used by H. M. Vermillion, both before and after the death of his first wife, Hattie. As to the nature of H. M. Vermillion's occupancy after his wife's death, the trial court found: "After the death of Hattie Haynes Vermillion, H. M. Vermillion immediately took complete possession of the real estate conveyed by him to her as aforesaid, and improvements, and held same exclusively to himself, and claimed to be the sole owner thereof. He rented out a portion of said property retaining all rents received therefor, and used a portion of said property for the conduct of business operated by him thereon, retaining to himself all the benefits thereof. Such possession, claim and use continued until his death." This finding has support in the evidence. Under the circumstances expressed by the trial court in the above finding appellant is liable to appellees not personally, but to the extent of the value of her share of the joint property for one-half of the rentals received by her deceased husband, less improvements and taxes, as found by the trial court. We think the case of Buchanan v. Davis, Tex. Civ.App., 43 S.W.2d 279, 283, is in point and controlling. The holding in that case was expressly approved by the Supreme Court in Buchanan v. Davis, Tex.Com. App., 60 S.W.2d 192. See also Autry v.

Reasor, 102 Tex. 123, 108 S.W. 1162; Skinner v. Vaughan, Tex.Civ.App., 150 S. W.2d 260 (writ dismissed).

■ Appellant also asserts, as is shown by her point three, that she is not liable for rents during the time H. M. Vermillion used and occupied the property from and after January, 1937, the date of the death of his first wife, Hattie, until his death for the reason that the property was the business homestead of H. M. Vermillion during that time. The trial court found against appellant on this issue and such finding is not without support in the evidence. In issues of this character the rules governing the burden of proof in civil actions apply: "The party claiming a homestead exemption in land has the burden of proving all the facts essential to entitle him to such exemption * * *." Especially is this true with respect to a business homestead. 40 C.J.S., Homesteads, § 51, p. 486; Himes v. Himes, Tex. Civ.App., 55 S.W.2d 181. Under the state of the record before us we are bound by the finding of the trial court on this issue.

■■ By her points five and six appellant complains of the action of the trial court in refusing to allow her credit for the payments made by her and her deceased husband, H. M. Vermillion "on the balance of the purchase money lien against the land in question." As heretofore pointed out H. M. Vermillion on December 14, 1943, paid $1,060.00 on the principal and interest of the purchase money note outstanding against this property and appellant on December 15, 1944, after the death of H. M. Vermillion, paid the final $1,000.00 and interest on the purchase money note. Both of these payments were made after the death of Hattie Haynes Vermillion and long after the execution of the deed, containing a general warranty of title, from H. M. Vermillion to Hattie Haynes Vermillion, conveying the property to her as her separate estate. Appellant contends that this being a transaction between husband and wife they each knew that the property was burdened with the lien for the purchase price and that they did not intend to set up a "formal contract, or a formal contract of indemnity, such as

is claimed here"; and further if there were any such obligation of the husband on the warranty it was waived by the conduct of Hattie by joining with her husband in executing two extensions of the purchase money note, after the execution of the deed to her by her husband. Art. 1297, R.C.S. of Texas, 1925, provides:

"From the use of the word 'grant' or 'convey,' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs or assigns, are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance the grantor has not conveyed the same estate, or any right, title or interest therein, to any person other than the grantee.

"2. That such estate is at the time of the execution of such conveyance free from incumbrances.

"Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance."

The trial court found that "no reservation, exception, or restriction was made in said deed and none was intended." The trial court also found that Hattie Haynes Vermillion did not assume the indebtedness against the property and did not take the property subject to said indebtedness. The trial court found further that H. M. Vermillion and Hester A. Vermillion paid off the lien against said land "voluntarily and in harmony with the provisions of the deed of trust." With respect to the execution of the 1929 deed the trial court found that H. M. Vermillion acted of his own volition in executing and acknowledging the deed conveying this property to Hattie Haynes Vermillion and causing it to be delivered to her; that the "consideration shown in the deed was paid and the deed was for the purposes and with the intentions shown therein and was not for a matter of convenience." From the above findings of fact by the trial court it is clear that the implied waranty of the deed with respect to incumbrances under

our statute was binding upon both H. M. Vermillion as warrantor of the title and upon appellant, as devisee under his will, to the extent of the value of the property devised to her. Johnson v. Sherrill, Tex. Civ.App., 271 S.W. 276. Certainly under the settled law of this state Hattie Haynes Vermillion could not have legally assumed the payment of the purchase money note involved herein. Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733. And for this reason, if for no other, Hattie Haynes Vermillion did not lose her rights under the general warranty contained in the deed from her husband by reason of the fact that she joined him in extending the purchase money note against this property, which was his obligation to begin with and continued to be his until discharged by him. By joining with him in extending the payment of the purchase money note she removed the danger of a foreclosure by the holder of said note on her property, and assisted her husband in gaining more time in which to pay off the indebtedness and thereby clear the title to her property. We think the trial court properly denied appellant's claim for reimbursement for the voluntary payments made by her and her deceased husband, H. M. Vermillion, on the outstanding purchase money note against this property.

■ Appellant next contends that the trial court erred in striking her trial amendment. The facts show that at the conclusion of the testimony appellant asked permission of the trial court to file a trial amendment setting up as a bar to appellees' action for rents the two and four years' statute of limitation. The court permitted the filing of her trial amendment over the protest of appellees. Shortly thereafter appellees made a motion to strike the trial amendment, which was by the court granted. The trial amendment was filed on May 28, 1947. Appellees' second amended original petition upon which they went to trial was filed March 25, 1946. By this petition appellant was apprised of the claims which would be asserted by appellees upon the trial of the case. Appellant's first amended original answer was filed May 22, 1947, and set up the defenses relied upon by her in the trial

of the case. Thus it appears that after appellees filed their trial petition over one year had elapsed before appellant filed her trial answer in which no question of limitation as to rents was asserted by her. Under Rule 66, Texas Rules of Civil Procedure, the matter of filing of trial amendments is left largely to the discretion of the trial court and only an abuse of that discretion would warrant a reversal of this judgment. Clearly no abuse is shown here. Appellant's trial amendment sets up an entirely new and distinct defense, which issue was not tendered by her during the trial of the case but was held in abeyance until after the evidence was closed. We think the trial court acted clearly within its discretion in striking the trial amendment. It seems that permission to file the trial amendment was granted solely for the purpose of the record, and, it is asserted that the trial court stated at the time that permission to file the trial amendment was granted he would entertain a motion to strike.

We have examined all other points advanced by appellant, and, in our opinion they are without merit and are overruled.

Appellees' points under their cross assignments are without merit and are overruled.

Judgment of the trial court is affirmed.