## TITTLE v. TITTLE.

### No. 6390.

Court of Civil Appeals of Texas. Texarkana.

Oct. 14, 1948.

Rehearing Denied June 9, 1949.

Sellers, Fanning & Edwards, Sulphur Springs, Ramey & Ramey, Sulphur Springs, for appellant.

Smith & Hicks, Sulphur Springs, for appellee.

WILLIAMS, Justice.

In this appeal from a decree which dissolved the bonds of matrimony between Zephie Moody Tittle and L. A. Tittle and adjudicated property rights, Mrs. Tittle, plaintiff below, attacks the award made with respect to certain parcels of realty.

Prior to their marriage on November 15, 1945, Mrs. Tittle owned as her separate estate a 185-acre farm, a small herd of cattle, and certain other personal property, and likewise Mr. Tittle owned as his separate estate a 342.5 acre farm, a small herd of cattle and certain other personal property. In January following their marriage they agreed between themselves that all the separate estate of L. A. Tittle would become community property and the cattle and car then owned by her would become community; and all profits accumulated from any source likewise would become community. This agreement was reduced to writing which they executed. It further provided that if they ceased to live together within five years from its date, each would return to the other as far as possible his or her individual property, or the cash value thereof.

On January 8, 1946, a few days after above agreement was signed, L. A. Tittle signed and acknowledged a deed, the pertinent parts to be noted, reading:

"Know All Men By These Presents:

"That I, L. A. Tittle of the County of Franklin, State of Texas for and in consideration of the sum of One and no/100 ($1.00) Dollars, to me paid Zephie Tittle as follows:

"$1.00 cash in hand paid receipt of which is hereby acknowledged, and the further consideration for the purpose of converting the hereinafter described land as community property to be owned jointly by the said L. A. Tittle and the said Zephie Tittle, husband and wife, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said L. A. Tittle and Zephie Tittle of the County of Franklin, State of Texas all that certain tract or parcel of land situated in the county of Franklin, State of Texas (Here follows description of the 342.5 acre tract).

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said L. A. Tittle, and Zephie Tittle, their heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said L. A. Tittle and Zephie Tittle, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same or any part thereof."

The court held this deed to be "void and of no force and effect whatsoever" and decreed that the cloud cast upon the title of L. A. Tittle to said land by virtue of said deed and its recordation be removed. This is sustained, Kellett v. Trice, 95 Tex. 160, 66 S.W. 51. In Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733, 736, the Supreme Court in commenting upon the holding in Kellett v. Trice states: "The facts in that case clearly show that Kellett and his wife undertook to convert property that was unquestionably the separate property of the wife into community property of both husband and wife. The instruments described in that opinion clearly show their object in this respect."

It is unnecessary to look further than the recitals in the deed to ascertain the intent of Mr. and Mrs. Tittle in the instant case for this deed recites it is executed for "the further consideration for the purpose of converting the hereinafter described land as community property to be owned jointly by them." The written agreement hereinabove mentioned, which was pleaded and introduced in evidence by plaintiff, if looked to, further reveals that they intended to convert certain individual or separate property into community, so condemned in Kellett v. Trice. The preamble to this agreement states: "To further combine our individual property into community property, we make the following agreement:" and then follows provision for L. A. Tittle to make above deed and she to turn over to him certain of her personal property, her separate estate, all to be considered as community property, with

the further proviso that if the marriage ceased to exist for five years, each would return to the other as far as possible his or her separate estate, or the cash value therefor.

On January 9, 1946, they executed a deed of trust covering the 342.5 acre tract to secure a $4,000 loan then obtained from an insurance company, and in the process of completing this loan they executed and caused to be recorded a designation of the 185 acre tract as their homestead. A few weeks later a brick house and lot in Cumby, Texas, was conveyed to them for a consideration of $1500 cash. This Cumby property was converted into a theatre which they were operating at the time of their separation on September 8, 1947. Most of the cattle out of their respective herds and his automobile were sold, and the proceeds of same along with the money out of the $4,000 loan and that out of a note owned by him were used in the purchase, conversion and equipment of the Cumby property into a picture show theatre. Out of the mass of testimony, much conflicting, the court found that in the Cumby venture, Mrs. Tittle had contributed $1,000 out of her separate estate and that he had contributed a total of $6,119.41. The court further found that the theatre, at present an unprofitable venture, is valued at not exceeding $6,000 with a community debt against same amounting to $2,068.41.

The court decreed that (1) the cloud cast upon the title to the 185 acres by virtue of the homestead designation be removed; (2) that $3,780, the balance due on the insurance company loan and the $2,-068.41 indebtedness due on the theatre property were the obligations of L. A. Tittle; and (3) that full and complete title to the Cumby property be vested in L. A. Tittle, with a first and superior lien impressed upon the property to secure her in the payment of $1,000 so advanced as found by the court in the Cumby venture.

Appellant asserts that above decree as to the Cumby property divested her of title to real estate, condemned by Art. 4638, R.C.S. which reads: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

■ Appellant makes no attack upon the court's finding as to the present value of the Cumby property or as to the present indebtedness against same incurred in its operation. No attack is made to any specific item enumerated by the court in calculating the amount each had contributed out of the respective separate estates to the theatre venture. No complaint is lodged against the disposition of other claims made by litigants to other properties to counter claims between them. Although we are of the opinion that appellant received favorable consideration in the court's findings as to these items and the division as ordered was just and right, the latter provision of Art. 4638, supra, prohibits the divesture of her title, inherent in the decree. Bracht v. Bracht, Tex.Civ. App., 107 S.W. 895, 896; Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594, 596, and authorities there cited. Divesture of title, relied upon by appellee was not involved in Puckett v. Puckett, Tex.Civ.App., 205 S.W.2d 124, and Askew v. Rountree, Tex. Civ.App., 120 S.W.2d 117, 119, and are not controlling here.

■ It definitely appearing that the Cumby theatre property is community property and cannot be partitioned in kind and there being no complaint made as to the findings with respect to the amount of the present indebtedness against same, and the amount each has contributed in the theatre venture, this cause is reversed and remanded only as to the disposition of the theatre property with directions to the trial court to appoint a receiver, authorized and directed to advertise and sell same at public sale, and out of the proceeds (1) to pay the expenses and fees which may be due under statute to such receiver for his services; (2) satisfy the indebtedness as heretofore found to exist against the theatre property; (3) to reimburse the litigants in the respective amounts so made by them as heretofore found by the trial court, if the proceeds be sufficient to satisfy same, and if insufficient the litigants to

share in such sum in the residue in the ratio of 1000 to 6119; and (4) if sufficient to satisfy all of above, then the litigants to share fifty-fifty in any residue. In all other respects the judgment is affirmed.

Affirmed in part and reversed and remanded with instructions in part.