### BRADY v. BRADY.
### No. 10097.

Court of Civil Appeals of Texas.
Austin.
Feb. 18, 1953.

Farley Reasonover, Eldon R. Vaughan and Earl R. Parker by Earl R. Parker, all of Dallas, for appellant.

Templeton & Gauen by Al Templeton, Dallas, for appellee.

GRAY, Justice.

Appellee sued appellant for divorce and for partition of their community property. Appellant answered, denied appellee's allegations and by cross-action sued appellee for divorce and for a partition of their community property. She alleged certain personal property [items (11) and (12) infra] was her separate property, and prayed that she be granted a divorce; that the community property be partitioned; that items (11) and (12), infra, be decreed to be her separate property; that the homestead be set apart to her for her use during her natural life, and that she be allowed an attorney's fee.

Each party sought a divorce on the grounds of cruelty, and alleged that all children of their marriage were adults.

A trial to a jury was had and, in answer to special issues, the jury found: (1) that appellant had been guilty of cruel treatment toward appellee; (2) that such cruel treatment was of such nature as to render the further living together of appellant and appellee insupportable; (3) that appellee had not condoned the cruel treatment, and (4) recommended that the homestead not be set aside for the use and benefit of appellant during her lifetime.

The trial court received the jury's verdict and rendered judgment granting appellee a divorce, and adjudging that the following items of property was community property of the parties:

1. House and lot known as 3235 Cole Avenue, Dallas, Texas

2. Household furniture in said house at 3235 Cole Avenue, Dallas, Texas

3. Five acres of land on Red Bird Lane, Dallas, Texas

4. One lot in the City of Fort Stockton, Pecos County, Texas

5. Sanger Bros. Dept. Store preferred stock

6. One 1928 Ford 2-ton truck

7. One paid-up life insurance policy of $1,000

8. Five U. S. Government bonds in the amount of $25 each

9. One share of preferred stock in Guardian Foundation

10. One-half interest in five additional acres of land on Red Bird Lane, Dallas, Texas

11. Certificate No. 99 represented ten shares of Wyatt Food Stores 5½% Cumulative Preferred Stock, issued to Mrs. Laura Hill Brady, on the 26th day of March, 1947, having a par value of $100 each

12. Certificate No. B 143, representing seven shares of Tex-O-Kan Flour Mills Company, 4½% Cumulative Preferred Stock, issued to Mrs. Laura Hill Brady, on the 6th day of May, 1946, having a par value of $100 each.

The judgment further ordered that the property be partitioned as follows: The house and lot on Cole Avenue (the homestead) together with all furniture, tools and equipment therein contained be partitioned equally between the parties and that appellee's interest therein and all rents and revenues therefrom be set aside for the use of appellant for her natural life. All other property, except items (11) and (12), was awarded to appellee. Items (11) and (12) were ordered sold and the proceeds of the sale divided equally between the parties. The attorneys for appellant and for appellee were awarded an attorneys' fee of $350 to each, such fees to be withheld from the proceeds of the sale of items (11) and (12) and a lien against such proceeds of sale until such fees are fully paid was fixed.

No statement of facts is included in the record before us, and no separate findings of fact and conclusions of law by the trial court were requested or filed.

Appellant complains that the trial court failed to instruct the jury upon the issue of provocation.

A party seeking a divorce on the grounds of cruel treatment has the burden of showing, by full and satisfactory evidence, treatment on the part of the other spouse that is of such nature as to render their further living together as husband and wife insupportable. Such cruel treatment must not have been wrongfully provoked by the complaining party as the natural result and consequence of his or her own act. However in the absence of a statement of facts we cannot say that the evidence was not full and satisfactory or that an instruction as to the issue of provocation was called for or justified under the evidence.

Appellant next complains that the trial court erred in failing to have the evidence at the trial taken down by an official court reporter.

Appellant made no request that the testimony be taken down by a court reporter, but proceeded to trial without one being present, and took no exception to his absence. Neither did appellant make any effort to comply with Rules 377 or 378, Texas Rules of Civil Procedure. For these reasons appellant has not been wrongfully deprived of a statement of facts. Johnson v. Brown, Tex.Civ.App., 218 S.W.2d 317, error ref. n. r. e.; Hall v. Kynerd, Tex. Civ.App., 97 S.W.2d 278, error dism.

Because of the absence of a statement of facts we cannot review the action of the trial court in adjudging items (11) and (12), supra, to be community property. Barreda v. Barreda, Tex.Civ.App., 216 S.W.2d 1009.

Appellant's remaining points are to the effect that (1) the trial court erred in awarding attorneys' fees to appellee's counsel, and (2) in divesting her of title to real estate.

The two foregoing points present questions that may be examined by a reference to the judgment rendered and without any reference to the facts. Such examination shows that the trial court was not authorized to grant the relief complained of.

As noted supra the attorneys for appellee were awarded a fee of $350 to be paid out of the one-half of the proceeds from the sale of items (11) and (12) allotted to appellee.

These items of property were adjudged to be community property and appellee does not complain that such attorney's fee was allowed or that it was charged to his one-half of the proceeds of that sale. Under the record before us we must presume that the trial court properly determined that items (11) and (12) belonged to the community estate, and that he did not abuse his discretion in ordering those items of property sold and the proceeds of the sale divided. Therefore, appellant was not deprived of any portion of the property which she would have received if the attorney's fees had not been allowed. We conclude that appellant has not shown herself aggrieved by the award and is not in position to complain. Ing-

588

ham v. Ingham, Tex.Civ.App., 240 S.W.2d 409; Mand. Overr., 3-A Tex.Jur., Sec. 108, p. 145.

 In view of our disposition of this cause we express the opinion that upon appellant's pleadings now before us an attorney's fee may be allowed her. Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774; Roberts v. Roberts, Tex.Civ.App., 193 S.W.2d 707. And that the right to such fee and the reasonableness of the amount are matters largely within the discretion of the trial court and is to be considered by the court (together with the conditions and needs of the parties and other surrounding circumstances) in making an equitable division of the estate between the parties. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; Muran v. Muran, Tex.Civ.App., 210 S.W.2d 617. However we know of no authority and none has been called to our attention authorizing the trial court to allow the recovery of an attorney's fee for the husband which is in any manner chargeable to the wife. Becker v. Becker, Tex.Civ.App., 299 S.W. 528.

Art. 4638, Vernon's Ann.Civ.St., reads:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

This article imposes a limitation on the power of the court, in dealing with the property rights of parties to a divorce suit, to the extent that it prohibits the court from compelling the parties to divest himself or herself of title to real estate.

 Items (3), (4) and (10), supra, are real estate. This property was awarded to appellee. This was clearly a violation of Article 4638, supra, and requires that we reverse and remand this cause since we cannot say what disposition the trial court would otherwise have made of the property rights of the parties.

That part of the trial court's judgment granting appellee a divorce is affirmed, and this cause is otherwise reversed and remanded with instructions to the trial court to so dispose of the property rights that neither party shall be required to divest himself or herself of title to real estate. Tittle v. Tittle, Tex.Civ.App., 221 S.W.2d 576; Hartman v. Hartman, Tex.Civ.App., 253 S.W.2d 480.

Affirmed in part and in part reversed and remanded with instructions.