Clay **KITCHENS**, Ind. & as Independent
Executor et al., Appellants,

v.

Peggy Viola **KITCHENS** et al., Appellees.

No. 5801.

Court of Civil Appeals of Texas.

El Paso.

Sept. 21, 1966.

Rehearing Denied Oct. 19, 1966.

M. C. Blackburn, Junction, Lavern D. Harris, Kenneth L. Clark, Kerrville, for appellants.

Stovall & Gibbs, San Angelo, Cayton & Gresham, Lamesa, for appellees.

OPINION

CLAYTON, Justice.

Suit for Partition. John P. Kitchens died on February 24, 1952, intestate, and no administration has been had on his estate. His wife, Inez Kitchens, died October 31, 1960, and her son, Clay Kitchens, is the Independent Executor of her estate, having been named in her will. She had two other children—Lynette Wallace and Ray Kitchens, the latter having died on November 14, 1959, leaving a will devising his interest, if any, in the lands involved in this suit to his wife and naming her, Peggy Viola Kitchens, Independent Executrix of his estate, and administration of his estate has been completed. Their only child is Patricia Anne Bunyard.

On April 5, 1923 one August Dunlop obtained a judgment in the amount of $865.-00 against John P. Kitchens on which judgment no abstract of judgment or execution was ever obtained, and the judgment was paid off and released in 1941.

One Gus Noyes died on January 13, 1923, and in his will he devised all the real property in Gaines County, Texas which he owned to eighteen different persons, including John P. Kitchens, all eighteen of whom, in turn, joined by the widow and daughter of Gus Noyes, conveyed said real estate to E. L. Noyes as Trustee, in order to effect a partition of said real estate under the terms of the will. The share to which John P. Kitchens was entitled under the Noyes will was 482 acres of said property. In an attempt to place part of said real estate beyond the reach of the judgment creditor, August Dunlop, John P. Kitchens and his wife, Inez Kitchens, caused these 482 acres to be conveyed by E. L. Noyes in the amount of 200 acres to John P. Kitchens, and 282 acres to Inez Kitchens. No consideration was given to the grantor for any of the conveyances above mentioned. Inez Kitchens then bequeathed all of the land and property in Gaines County, Texas, to which she had any claim, title

or interest, one-third to Clay Kitchens, one-third to Lynette Wallace, and one-third to Patricia Bunyard.

It was agreed by the parties to this suit, in which Peggy Viola Kitchens and her assignees, W. J. Beckham and M. G. Riggan, are plaintiffs (appellees here), and Clay Kitchens, individually and as Independent Executor of the Estate of Inez Kitchens, Patricia Anne Bunyard and her husband, Mike Bunyard, and Lynette Wallace and her husband, J. P. Wallace, are defendants (appellants here), that there is no controversy as to the undivided one-third interest in the property in question which is owned by Clay Kitchens or as to the undivided one-third interest therein owned by Lynette Wallace or her assignees, Beckham and Riggan. The only controversy involved in the suit is as to the ownership of the remaining undivided one-third interest in said property, as to whether this one-third interest is owned by plaintiff Peggy Viola Kitchens or by defendant, Patricia Anne Bunyard. The property in question is the 482 acres to which John P. Kitchens was entitled as his share of the estate of Gus Noyes.

In a trial before the court without a jury, the court held that the 200 acres which John P. Kitchens retained out of the 482 acres was the separate property of John P. Kitchens and was presently owned by W. J. Beckham, M. G. Riggan and Clay Kitchens, in shares of two-thirds to Beckham and Riggan, share and share alike, and one-third to Clay Kitchens. The court further held that the 282 acres conveyed to Inez Kitchens was the community property of John P. and Inez Kitchens, and was presently owned by Beckham, Riggan, Clay Kitchens and Patricia Anne Bunyard in shares of one-half to Beckham and Riggan, share and share alike, one-third to Clay Kitchens and one-sixth to Patricia Anne Bunyard. From such judgment this appeal was taken.

Appellants have three points of error: First, that the court erred in determining that the 282 acres of land conveyed to Inez Kitchens was the community property of John P. and Inez Kitchens; second, that this property was the separate property of Inez Kitchens, and the court erred in not so finding; and third and last, that the court erred in holding that plaintiff and her assignees own any interest in the 282 acres conveyed to Inez Kitchens. The case was tried on the stipulations and their accompanying exhibits.

As to the first point of error, we are of the opinion that the trial court did not err in determining that the 282 acres conveyed to Inez Kitchens was the community property of John P. and Inez Kitchens. The deeds to the 282 acres conveyed to Inez Kitchens were conveyed during the marriage of John P. and Inez, and recited that they were conveyed "to Inez Kitchens, her heirs and assigns" and contained no language tending to show that this property was purchased with the separate funds of the wife, since under the stipulations there was no consideration paid for the transfer, or to show that the property was conveyed to Inez as her separate property. In the Supreme Court case of Brick & Tile v. Parker, 143 Tex. 383, 186 S.W.2d 66, 67 (1945), it is held:

"Since the property was acquired during the marriage of F. K. Parker and wife, it was presumably their community property, and this presumption prevails even though the deed was taken in the name of the wife, in the absence of language in the deed tending to show that it was purchased with the separate funds of the wife, or that it was conveyed to her as her separate property. Stiles v. Japhet, 84 Tex. 91, 19 S.W. 450; Ross v. Martin, 104 Tex. 558, 140 S.W. 432, 141 S.W. 518; Cooke v. Bremond, 27 Tex. 457, 86 Am.Dec. 626; Speer, Law of Marital Rights, 3rd Ed., § 352, p. 428; Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212."

See also Lockhart v. Garner, 165 Tex. 580, 298 S.W.2d 108, 110 (1957), which recites:

"* * * Our conclusion to consider the 50-acre tract as community property is based on the fact that the tract was conveyed to Mrs. Davis during coverture and is presumed to be community property. There being no recital in the deed or evidence to the contrary, the presumption is conclusive that the land involved is community property."

In a suit related to this suit, but involving different land, Kitchens v. Kitchens, 372 S.W.2d 249, 255, 256 (Tex.Civ.App., 1963; err. ref.) the Court of Civil Appeals holds:

"Having been acquired during the marriage of John P. and Inez Kitchens, 'presumptively it was community property, even though' the deed to Inez 'was drawn in her name, there being no language in the deed disclosing that the consideration was paid from her separate funds or that the property was conveyed to her as her separate estate.' Magee v. Young, 145 Tex. 485, 198 S.W.2d 883, 884; Brick & Tile v. Parker, 143 Tex. 383, 186 S.W. 2d 66, 67; Van v. Webb, 147 Tex. 299, 215 S.W.2d 151, 152; Art. 4619, Sec. 1, Vernon's Ann.Tex.Stats."

\* \* \* \* \* \*

"The burden of proof on the issue is upon the party claiming the property was the wife's separate estate. John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791, 795; Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226, 227; Presidio Min. Co. v. Bullis, 68 Tex. 581, 4 S.W. 860, 862 (partition); and cases cited, 30 Tex.Jur.2d 181, p. 283, 284."

This burden was not met by appellants. See also Duncan v. Duncan, 374 S.W.2d 800, 802 (Tex.Civ.App., 1964; n. w. h.); Magee v. Young, 145 Tex. 485, 198 S.W.2d 883, 884, 885 (1947).

Such a construction, as community property, may derive some support from the language of the will of Inez Kitchens which, in a limitation clause, speaks of "my undivided one-half interest in 42 acres of land in Gaines County, Texas," from which the inference may be drawn that at least with reference to the 282 acres, part of the 482 acres involved, Mrs. Kitchens regarded the deed to her as part of the community property, rather than her separate estate, and thus negatives any donative intent to make it her separate property by gift. In Belkin v. Ray, 142 Tex. 71, 176 S.W.2d 162, 165, 166 (1943), Ray Marks and her husband, Harry Marks, conveyed property to one H. H. Ray for a recited consideration of $10.00, which was not paid. Thereafter, H. H. Ray and wife conveyed the property to Harry Marks and wife, Ray Marks, for a recited consideration of $10.00, which was not paid. The Supreme Court held:

"It is not necessary for us to here determine whether the deed from Ray Marks and husband, Harry Marks, to H. H. Ray and the deed from H. H. Ray and wife to Harry Marks and wife, Ray Marks, did or could have the effect of making the property the community property of Harry Marks and wife in a technical sense, for if they could not have that effect they at least operated to convey the property to Marks and wife jointly so that each owned an undivided one-half interest therein. Riley v. Wilson, 86 Tex. 240, 24 S.W. 394; Kellett v. Trice, 95 Tex. 160, 66 S.W. 51; Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W. 2d 733. In this particular instance the property passed to the devisees named in the will in the same manner, whether it was the community property of the husband and wife or was merely owned jointly by them."

We are constrained to overrule appellants' first point of error and to affirm the finding of the trial court that the 282 acres of land conveyed to Inez Kitchens was community property. It follows that appellants' second point, that the land was the

separate property of Inez Kitchens, must also be overruled.

The third point of error charges the court with error in holding that the plaintiff, Peggy Viola Kitchens, and her assignees, Beckham and Riggan, own any interest in the 282 acres conveyed to Inez Kitchens. Since it has been determined that these 282 acres are community property, only one-half thereof went to Inez Kitchens, of which she devised one-third each to her children—her daughter, Lynette Wallace (who assigned her interest to Beckham and Riggan), and her son, Clay Kitchens; and one-third to her granddaughter, Patricia Anne Bunyard. Thus, neither Peggy Viola Kitchens nor her assignees, Beckham and Riggan, received any part of the community interest of Inez Kitchens in the 282 acres conveyed to her. But it is seen that Peggy Viola Kitchens did receive a part of the 282 acres, and Beckham and Riggan received her part thereof by assignment from her, since she received by inheritance through her husband his one-third interest in his father's one-half interest in the community 282 acres, or one-sixth of the 282 acres. It is necessary, therefore, to overrule appellant's third point of error.

Our calculations reflect that of the 482 acres, the total land involved herein, in view of the stipulations agreed to by the parties, John P. Kitchens retained as his separate property the 200 acres deeded to him, and one-half of the community realty, or 141 acres, a total of 341 acres. After the death of Inez Kitchens, ending her life estate in one-third of John P. Kitchens' realty, these 341 acres descended one-third (or 113.66 acres) each to Peggy Viola Kitchens, as widow and sole devisee of Ray Kitchens, which went by assignment to Beckham and Riggan; one-third to Lynette Wallace, which also went by assignment to Beckham and Riggan; and one-third to Clay Kitchens. The one-half share of Inez Kitchens in the community realty, or 141 acres, was devised in equal parts to Clay Kitchens, Lynette Wallace and Patricia

Anne Bunyard, or 47 acres each, with the share of Lynette Wallace going by assignment to Beckham and Riggan.

The appellees herein persuasively argue in a cross-point that the 282 acres of land conveyed to Inez Kitchens remained the separate property of John P. Kitchens as having been acquired by him during coverture by inheritance, and that there was no donative intent on his part in having the name of Inez Kitchens inserted in the deeds as grantee. The appellees contend:

"The stipulations on file in the present case and upon which the case was tried, show that both John P. Kitchens and Inez Kitchens caused the deeds in question to be made to Inez Kitchens in an attempt to defraud creditors and thus as a sham transaction in which title would not actually pass to the wife. No showing was made that the parties intended title to actually pass to the wife. When both the husband and wife are moving parties to the transaction, with its accompanying intent, the intent is given effect and the property does not pass to the wife as her separate estate— it remains the separate property of the husband, if that was its original nature."

However, we have found no authority to support this contention, and feel that the cases cited by appellees do not in fact support this precise question. The existing law appears, rather, to support the position as set out above: that these 282 acres became community property of John P. and Inez Kitchens. This cross-point of appellees is overruled.

We believe, however, that the fractional interests of the parties as set out in the judgment vary from those found in this opinion, and this cause is accordingly remanded for revision of fractional interests of the parties in accordance with our findings.

Reversed and remanded with instructions.