Ella Grace HIGGINS, Appellant,

v.

George W. HIGGINS, Jr., Appellee.

No. 4395.

Court of Civil Appeals of Texas, Eastland.

Aug. 7, 1970.

Rehearing Denied Sept. 4, 1970.

R. J. Balch, Seymour, David F. Hunt, Dallas, for appellant.

H. Dustin Fillmore, Wichita Falls, for appellee.

GRISSOM, Chief Justice.

Ella Grace Higgins obtained a divorce from George W. Higgins, Jr. Mrs. Higgins has appealed from the part of the judgment dividing their property. The division was based on some findings of a jury, but notwithstanding its answers to issues 6 and 8.

The jury found (1) that the parents of George W. Higgins, Jr., on July 21, 1964, gave him $71,200.00; (2) that George W. Higgins, Jr., paid $70,000.00 thereof on the purchase price of the Thornberg Ranch; that (3) the interest in a tract of land which he sold for $20,000.00 was inherited from his mother; that (4) he paid this $20,000.00 on the purchase price of the Thornberg Ranch and (5) that the $20,000.00 was not commingled with community funds so it could not be identified and traced. The jury found in answer to issue 6 that, after appellee sold the land inherited from his mother for $20,000.00, that $20,000.00 was "given to the community estate." The jury found (7) that the $71,200.00 which the senior Higgins gave their son, the appellee, was not commingled with community funds so it could not be identified and traced. The jury found in

answer to issue 8 that appellee "gave the $71,200.00 (which his parents gave him) to the community estate"; that (9) at the time of delivery of the $71,200.00 by the senior Higgins it was not intended by them to be a gift to both appellee and appellant and that (10) "$70,000.00 of the $71,200.00 was given to appellee by George W. Higgins, Sr. for the express purpose and condition of paying off the note on the 'Thornberg place."

As stated, the division was based upon some of said jury findings, but notwithstanding its answers to issues 6 and 8, towit, that the $20,000.00 appellee obtained from the sale of land inherited from his mother "was given to the community estate" and that appellee "gave the $71,-200.00" (given to him by his parents) ."to the community estate." Appellant's said contention and the jury's answers to issues 6 and 8 are based only upon the fact that said amounts to money were deposited in the joint account of the husband and wife before they were paid out of said account on the purchase price of the Thornberg ranch, plus the fact that they were received during marriage. The court disregarded the answers to issues 6 and 8, holding that they had no legal significance and were a nullity. Appellant's principal complaint is about this holding. She contends the court erred in disregarding said findings and that, under the circumstances, gifts of said $91,200.00 were lawfully made to the community estate and therefore the court erred in holding that appellee was entitled to be reimbursed that amount out of the community estate. Appellant says she is entitled to said amount or, at least, one-half thereof by virtue of the gifts found by the jury in answer to issues 6 and 8. Appellant cites Jones v. Jones, Tex.Civ.App., 181 S.W.2d 988, 991, (Ref. WM), in support of that contention. It seems to hold that the husband can make a gift to the community estate. As applied to the facts of our case we think that decision is wrong and we decline to follow it. Appellant cites Kitchens v.

Kitchens, Tex.Civ.App., 407 S.W.2d 300. There, the husband inherited a tract of land while married which he caused another to convey to his wife. It was held to be community property. There was no holding that the husband could give it to the community estate. In the absence of contrary proof, all property acquired by either husband or wife during marriage is presumed to be community property, and that presumption supported said holding. Appellant also cites Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733. It was there held that a husband could convey realty to his wife and make it her separate property. It was not held, however, that he could make a gift to the community estate. Article 4613 provides that all property acquired by one spouse during marriage by gift is that spouse's separate property. Article 4619 provides that all property possessed by either spouse on dissolution of the marriage is presumed to be community property. In Hartman .v. Crain, Tex.Civ.App., 398 S.W.2d 387, 389, the court said that no presumption of a gift to her husband resulted from the wife depositing her inheritance in their joint bank account. It cited Tison v. Gass, 46 Tex.Civ.App., 102 S.W. 751 (WR). See also Williams v. McKnight (Tex.), 402 S.W.2d 505. Our Supreme Court in Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733, cited Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, and quoted Kellett v. Trice, 95 Tex. 160, 66 S.W. 51, 53, to the effect that in Texas the property of a husband and wife gets its character as separate or community from the statutes defining such estates and that property acquired by either after marriage "otherwise than by gift—is their common property." It held that property obtained by either during marriage in exchange for his or her separate property, or which was purchased with his or her separate funds, belonged to the separate estate of the one who furnished the consideration. It specifically held that the husband and wife could not by agreement change the separate property of the husband to community

property and that the husband's deed attempting to make such agreement effective was void. The holding of our Supreme Court in Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733, does not support appellee's contention that the court erred in disregarding the answers to issues 6 and 8. Said $91,200.00 was the separate property of the appellee. $20,000.00 thereof was the proceeds of land inherited from his mother and $71,200.00 was given to him by his parents. By depositing said sums in their joint account and immediately paying them out on the purchase price of said ranch appellee did not as a matter of law make a gift thereof "to the community". Such theory of appellant was submitted in issues 6 and 8 at her request. We think that theory is not recognized in Texas. In Texas, a husband and wife cannot change the character of their estate, as separate or community, by agreeing that it shall be so changed, for the simple reason that its character as community or separate is fixed by law and the law cannot be changed by agreement. In Benjamin State Bank v. Reed, Tex.Civ. App., 139 S.W.2d 172, 175, we said

> "* * * There is no warrant in law or logic for the proposition that the separate property of either spouse may be the subject of a gift to the community estate * * *."

In Tittle v. Tittle, 148 Tex. 102, 220 S.W. 2d 637, 643, our Supreme Court held that a deed from the husband to the wife and husband, as grantees, reciting the purpose of converting the separate property of the husband to community property, executed pursuant to a contract to do so, did not make the husband's separate property community property and was void by reason of the statutes. In Kellett v. Trice, 95 Tex. 160, 66 S.W. 51, it was held that, because of the statutory definition of community property, a wife's deed of her separate property to a trustee which recited that it was executed for the purpose of being conveyed to the husband so that it would thereafter be the community

property of both, and the trustee's deed in compliance therewith, were void. See also Turbeville v. Commissioner of Internal Revenue, 5 Cir., 84 F.2d 307 and 18 Tex.Law Review 227. Appellant's said contention is overruled. We sustain appellee's counterpoints to the effect that the pleadings and proof will not support a judgment for appellant based on the answers to issues 6 and 8 and because such findings do not establish a gift to either the husband and wife jointly, or to the wife separately.

■ All other contentions of appellant to the effect that the court erred in dividing the property are overruled because such action was within the discretion of the court and abuse thereof is not shown.

■ Appellant's 6th point is that the court erred in such actions because appellee in his original petition alleged that all money used to purchase the Thornberg Ranch land, except the $20,000.00 appellee obtained for land inherited from his mother belonged to the community estate. This pleading was withdrawn. The amended petition upon which the case was tried contained contrary allegations. Although such abandoned pleading was admissible against appellee, it was not conclusive of the fact that only $20,000.00 of appellant's separate estate went into the purchase price of said ranch. McCormick and Ray, Texas Law of Evidence, Section 1146, page 36; Long v. Knox, 155 Tex. 581, 291 S.W.2d 292, 294.

■ Appellant's remaining points deal with admission of evidence, including the gift tax returns of the senior Higgins, showing that the $71,200.00 they gave appellee was duly and timely reported and a gift tax paid thereon. We have considered all other points and conclude that, in any event, they do not show such error as was reasonably calculated to, and probably did, cause rendition of an improper judgment. They are overruled. The judgment is affirmed.